IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
At Kansas City, Kansas

KELLI MOST, Individually and as Administrator
of the Estate of JESSE HENSON

and

THE ESTATE OF JESSE HENSON, BY AND
THROUGH ADMINISTRATOR AND
PERSONAL REPRESENATIVE KELLI
MOST

Plaintiffs,

vs.

TEAM INDUSTRIAL SERVICES, INC.
    Serve Registered Agent at:
    Corporation Service Company
    2900 SW Wanamaker Driver, Ste. 204
    Topeka, KS 66614

    and

    Danielle Cain
    13131 Dairy Ashford Rd., Ste. 600
    Sugarland, TX 77478

Defendant.

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiff Kelli Most, Individually and as Administrator of the Estate of Jesse Henson, by and through her attorneys of record, states and alleges the following:

I.

**Jurisdiction and Venue**

1. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) because all plaintiffs are citizens of different states than all defendants and the matter in controversy exceeds $75,000, exclusive of interest and costs.

2. The Court can exercise personal jurisdiction over Defendant pursuant to K.S.A. § 60-308(b).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claim occurred in the District of Kansas.

II.

**Parties**

4. Plaintiff Kelli Most is the widow of Decedent Jesse Henson and the Personal Representative, Executor, and Administrator of the estate of Jesse Henson. She is a citizen and resident of Kansas. At the time of his death, Jesse Henson was a citizen and resident of Kansas.

5. Defendant Team Industrial Services, Inc. is a Texas entity with its principal place of business in Texas. It is a Texas citizen. Defendant Team Industrial Services, Inc. may be served with process through its registered agent, Danielle Cain, 13131 Diary Ashford Rd., Ste. 600, Sugar Land TX 77478, or via any other means authorized by law.

## III.

## Procedural History

6. This case was originally filed in Texas state court on November 13, 2018. Specifically, the case was filed in the 268th Judicial District of Fort Bend County, Texas and was assigned Cause Number 18-DCV-256883.

7. While in Texas, voluminous discovery occurred. Thousands of pages of documents were exchanged, 39 witnesses were deposed, expert witnesses were designated, and inspections of relevant equipment involved in the incident were conducted.

8. While in Texas, voluminous motion practice also occurred. The Texas court ruled on discovery motions, *Daubert* motions, motions for summary judgment, motions *in limine*, and several other types of motions.

9. The case proceeded to trial in Texas on May 4, 2021 and concluded on May 27, 2021. The jury returned a verdict on June 1, 2021 for $222 million in favor of the Plaintiff.

10. Following the verdict, the trial court issued a sanction order against Defendant (and two of its lawyers) for improperly influencing a key witness to "provide false and perjurious testimony" and for lying to the judge. *See* Ex. A (sanctions order).

11. The trial court entered judgment in favor of Plaintiff on January 25, 2022.

12. Defendant then appealed the judgment. On appeal, an intermediate level appellate court in Texas[1] dismissed the case on forum non conveniens grounds on May 16, 2024. The dismissal was predicated on the court's opinion that the case should have been tried in Kansas instead of Texas. A motion for rehearing en banc was filed and a corrected opinion was issued on August 29, 2024 that did not substantively change the ultimate disposition.

---

[1] Specifically, the case was appealed to the First Court of Appeals at Houston, Texas.

Additional corrections were made by the appellate court on October 2, 2024 that did not substantively change the ultimate disposition. Other appellate motions were subsequently filed as well. The court then issued its mandate to the trial court on February 14, 2025.

13. Pursuant to K.S.A. 60-518, initiation of this action before the District of Kansas is timely as the action is to be commenced within six months of the dismissal by the Texas Court of Appeals on grounds other than the merits of the action.

## IV.

## Facts

14. On or about June 3, 2018, Decedent Jesse Henson suffered severe burns when he was exposed to an unexpected, but preventable, steam release at the Jeffrey Energy Center. Henson was subsequently airlifted to the University of Kansas Hospital in Kansas City, KS where he later died from his agonizing injuries. It is also where Most witnessed his horrific suffering, and suffered herself while watching her husband die. The incident occurred due to Defendant's faulty inspection, maintenance, repair, and certification of a safety relief valve at the power plant. Defendant is negligent, negligent *per se*, and grossly negligent for the following reasons:

    a. Failing to properly supervise its employees;

    b. Failing to properly train its employees;

    c. Failing to properly hire its employees;

    d. Failing to properly instruct its employees;

    e. Failing to have, and enforce, adequate safety policies and procedures;

    f. Failing to properly maintain the equipment at issue;

    g. Failing to properly inspect the equipment at issue;

    h.    Failing to properly repair the equipment at issue;

    i.    Failing to properly operate the equipment at issue;

    j.    Failing to properly perform the work in question;

    k.    Improperly certifying the equipment at issue;

    l.    Failing to ensure that their worksite was reasonably safe;

    m.    Failing to adequately maintain the premises at issue;

    n.    Failing to adequately inspect the premises at issue;

    o.    Creating a dangerous and/or hazardous condition;

    p.    Failing to adequately warn of a dangerous and/or hazardous condition;

    q.    Failure to remedy a dangerous and/or hazardous condition;

    r.    Vicarious liability for the conduct of their employees;

    s.    Violating applicable government regulations, laws, rules, and industry standards; and

    t.    Other acts deemed negligent, negligent *per se*, and grossly negligent.

15. As a direct and proximate result of said occurrences, Decedent sustained severe physical pain, disfigurement, fear, mental anguish, and emotional distress. Plaintiff has lost her husband.

16. Plaintiff is also entitled to punitive damages because Defendant willfully, wantonly, and maliciously disregarded Decedent's and Plaintiff's safety and rights. Defendant also acted with flagrant, willful, wanton, and malicious disregard of Decedent's health and safety. Defendant was subjectively aware of the extreme risk posed by the conditions which caused Decedent's death, but did nothing to rectify them. Defendant did so knowing that the conditions posed dangerous and grave safety concerns. Defendant's acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential

harm to Decedent and others. Defendant had actual, subjective awareness of the risk, but was completely indifferent to the danger and recklessly and consciously disregarded such risks. Plaintiffs have been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which they now sue.

V.

**COUNT I – WRONGFUL DEATH**

**Kelli Most and the Estate of Jesse Henson**

**A. - Negligence**

17. Plaintiffs incorporate all prior allegations as if fully restated herein.

18. Defendant owed Jesse Henson a duty to use reasonable care under the circumstances and to act reasonably under the circumstances.

19. As a direct and proximate result of Defendant's breaches, Jesse Henson died.

20. As a direct and proximate result of Defendant's breaches, Plaintiffs have suffered and will continue to suffer damages in the following ways:

   a. Pre-death physical pain and suffering;

   b. Pre-death mental pain, suffering, disfigurement, emotional distress, and mental anguish;

   c. Loss of earning capacity and inheritance;

   d. Loss of fringe benefits;

   e. Loss of services and support;

   f. Loss of nurture, guidance, marital care, attention, advice, counsel, protection, and instruction;

   g. Loss of enjoyment of life;

   h. Loss of pecuniary support;

      i. Loss of society, comfort, and companionship;

      j. Emotional distress, mental anguish, and bereavement;

      k. *Wentling* damages[2]; and

      l. All other damages recoverable under the law.

Wherefore, Plaintiffs respectfully request this Court enter judgment in their favor and against Defendant and award Plaintiff damages sufficient to compensate for their significant losses, in an amount exceeding $75,000 and for pre- and post-judgment interests, costs, fees, and all other relief this Court deems just and proper.

## VI.

## COUNT II – SURVIVAL CLAIM FOR THE ESTATE OF JESSE HENSON

### Estate of Jesse Henson

### A. – Negligence

21. Plaintiffs incorporate all prior allegations as if fully restated herein

22. As a direct and proximate result of Defendant's breached duties, Jesse Henson suffered significant injuries that ultimately killed him. From the time of suffering extreme burns while at Defendant's facility to the time of his death, Jesse Henson suffered significant physical and mental injuries, incurred significant medical expenses, suffered pre-death terror, and ultimately lost his life from these injuries. After fighting for his life and enduring intensive medical care and treatment, Jesse Henson ultimately succumbed to the trauma of his injuries.

Wherefore, Plaintiffs respectfully request this Court enter judgment in their favor and against Defendant and award Plaintiff damages sufficient to compensate for their significant losses, in an

---

[2] These damages are sought to the extent Kansas law governs this issue.

amount exceeding $75,000 and for pre- and post-judgment interests, costs, fees, and all other relief this Court deems just and proper.

## VII.

## COUNT III – CONSTITUTIONAL CHALLENGE

### Kelli Most and the Estate of Jesse Henson

23. Plaintiffs herein challenge the constitutionality of all statutory language and/or case law establishing non-economic damage caps as set forth in applicable Kansas statutes. These statutes include, but are not limited to, Article 19 and 19a of the Kansas Rules of Civil Procedure. Plaintiffs hereby raise challenges, including but not limited to, equal protection, separation of powers, right to trial by jury, taking private property without just compensation, due process, free and open access to the courts and procedural.

**Equal Protection Challenges**

24. In limiting the amount of non-economic damages a plaintiff in a personal injury, wrongful death, or survival case may recover from a jury, Article 19 and 19a of Kansas Rules of Civil Procedure[3] violate the guarantee of equal protection set forth in the Kansas Constitution.

25. In failing to provide an index for inflation on the limits for non-economic damages and limiting the liability of personal injury, wrongful death, or survival defendants with respect to those acting on their behalf, Article 19 and 19a of the Kansas Rules of Civil Procedure violate the guarantee of equal protection set forth in the Kansas Constitution.

26. In failing to provide an index for inflation on the limits for non-economic damages and in limiting the amount of non-economic damages a plaintiff in a personal injury, wrongful

---

[3] Including KSA 60-1903 and KSA 60-19a02.

death, or survival case may recover from a jury, Article 19 and 19a of the Kansas Rules of Civil Procedure violate the guarantee of equal protection set forth in the United States Constitution. *See Ferdon ex rel. Petrucelli v. Wisconsin Patient Care Compensation Fund*, 701 N.W.2d 440 (Wis. 2005).

**Separation of Powers Challenge**

27. In limiting the amount of non-economic damages a plaintiff in a personal injury, wrongful death, or survival case may recover from a jury, Article 19 and 19a of the Kansas Rules of Civil Procedure violate the principle of Separation of Powers set forth in the Kansas Constitution in that it is the function of the Judiciary to remit verdicts. *See Best v. Taylor Machine Works*, 689 N.E. 2d 1057, 1075 (Ill. 1997).

**Taking Private Property Without Just Compensation Challenge**

28. In failing to provide an index for inflation on the limits for non-economic damages, Article 19 and 19a of the Kansas Rules of Civil Procedure violate the Kansas Constitution by taking private property without just compensation.

**Due Process Challenges**

29. In limiting the amount of non-economic damages a plaintiff in a personal injury, wrongful death, or survival case may recover from a jury, Article 19 and 19a of the Kansas Rules of Civil Procedure violate the Kansas Constitution by depriving plaintiffs due process of law without a rational basis that furthers a legitimate state interest.

30. In failing to provide an index for inflation on the limits for non-economic damages, Article 19 and 19a of the Kansas Rules of Civil Procedure violate the Kansas Constitution by depriving plaintiffs of due process of law without a rational basis that furthers a legitimate state interest.

31. In limiting the amount of non-economic damages a plaintiff in a personal injury, wrongful death, or survival case may recover from a jury, Article 19 and 19a of the Kansas Rules of Civil Procedure violate the guarantee of due process of law set forth in the United States Constitution without a rational basis that furthers a legitimate interest.

32. In failing to provide an index for inflation on the limits for non-economic damages Article 19 and 19a of the Kansas Rules of Civil Procedure violate the guarantee of due process of law set forth in the United States Constitution without a rational basis that furthers a legitimate interest.

**Free and Open Access to the Courts Challenges**

33. In limiting the amount of non-economic damages a plaintiff in a personal injury, wrongful death, or survival case may recover from a jury, Article 19 and 19a of the Kansas Rules of Civil Procedure violate the guarantee of open courts and certain remedies set forth in the Kansas Constitution by denying plaintiffs free and open access to Kansas courts of justice and a certain remedy afforded for every injury.

34. In failing to provide an index for inflation on the limits for non-economic damages, Article 19 and 19a of the Kansas Rules of Civil Procedure violate the guarantee of open courts and certain remedies set forth in the Kansas Constitution by denying plaintiffs free and open access to Kansas courts of justice and a certain remedy afforded for every injury.

**Right to Trial by Jury Challenges**

35. In limiting the amount of non-economic damages a plaintiff in a personal injury, wrongful death, or survival case may recover from a jury, Article 19 and 19a of the Kansas Rules of Civil Procedure violate the right to trial by jury set forth in the Kansas Constitution.

36. In failing to provide an index for inflation on the limits for non-economic damages, Article 19 and 19a of the Kansas Rules of Civil Procedure violate the right to trial by jury set forth in the Kansas Constitution.

37. In limiting the amount of non-economic damages a plaintiff in personal injury, wrongful death, or survival case may recover from a jury, Article 19 and 19a of the Kansas Rules of Civil Procedure violate the right to trial by jury set forth in the Seventh Amendment to the federal Constitution

## VIII.

## Jury Trial

38. Plaintiffs hereby request a trial by jury on all issues so triable.

## IX.

## Designation of Place of Trial

39. Plaintiffs hereby designate the United States District Court for the District of Kansas at Kansas, City, Kansas as the place of trial.

## X.

## Prayer

Plaintiffs pray that this citation issue and be served upon Defendant in a form and manner prescribed by law, requiring that the Defendant appear and answer, and that upon final hearing, Plaintiffs have judgment against Defendant, both jointly and severally, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, attorneys' fees, punitive damages, and all such other and further relief, to which they may show themselves justly entitled.

Respectfully submitted:

/s/ *Michael J. Kuckelman*
Michael J. Kuckelman     KS #14587
Benjamin T. Friesen      KS #26655
Jacob M. Kuckelman       KS #29799
KUCKELMAN TORLINE KIRKLAND
Overland Park, KS 66211
Telephone: (913) 948-8610
Facsimile: (913) 948-8611
mkuckelman@ktk-law.com
bfriesen@ktk-law.com
jkuckelman@ktk-law.com

and

Cory D. Itkin
Texas State Bar No. 24050808 (pro hac vice pending)
ARNOLD & ITKIN LLP
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
citkin@arnolditkin.com

ATTORNEYS FOR PLAINTIFFS KELLI MOST, INDIVIDUALLY AND THE ESTATE OF JESSE HENSON